**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**DIAMOND RENAY DERX** **PLAINTIFF**
***ADC #162003***

**v.** **No: 4:26-cv-01139-LPR-PSH**

**JANICE BLAKE, *et al.*** **DEFENDANTS**

# PROPOSED FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following Recommendation has been sent to United States District Judge Lee P. Rudofsky. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

Plaintiff Diamond Renay Derx filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on October 16, 2026 (Doc. No. 2). Her application to proceed *in forma pauperis* has been granted (Doc. No. 5). The Court has reviewed Derx's complaint and finds that her claims should be dismissed for failure to state a claim upon which relief may be granted.

## I. Screening Standard

Federal law requires courts to screen prisoner complaints. 28 U.S.C. § 1915A, 1915(e)(2). Claims that are legally frivolous or malicious; that fail to state a claim for relief; or that seek money from a defendant who is immune from paying damages should be dismissed before the defendants are served. 28 U.S.C. § 1915A, 1915(e)(2). Although a complaint requires only a short and plain statement of the claim showing that the pleader is entitled to relief, the factual allegations set forth therein must be sufficient to raise the right to relief above the speculative level. *See* Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . ."). While construed liberally, a *pro se* complaint must contain enough facts to state a claim for relief that is plausible on its face, not merely conceivable.

## II. Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived her of a right, privilege, or immunity secured by the United States Constitution or by federal law. 42 U.S.C. § 1983. Derx alleges that she was denied due process in connection with two disciplinaries she received in July of 2026. Doc. No. 2 at 5-8. Specifically, she

alleges that Sgt. Sundine issued a false disciplinary on July 17, 2026,[1] and that Corporal Dodson falsified documents to support a disciplinary issued on July 27, 2026. *Id.* As a result of each conviction, Derx was sentenced to 30 days punitive isolation; lost commissary, phone, and visitation privileges for 60 days; and reduction to class 4. *Id.* at 6, 12 & 14.

Derx's allegation that Sundine and Dodson caused her to receive a disciplinary based on false accusations is not sufficient to state a § 1983 claim as a matter of law. *See Dixon v. Brown*, 38 F.3d 370 (8th Cir. 1994) (recognizing that "the filing of a false disciplinary charge is not itself actionable under § 1983"); *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989) (same).[2] Further, Derx cannot maintain a due process claim based on the disciplinary process unless she can "demonstrate that [s]he was deprived of life, liberty or property by government

---

[1] Derx alleges that Sundine ignored her complaints of chest pain for approximately one hour, but after checking on her again an hour later, requested assistance from other officers. Doc. No. 2 at 5. Derx describes no further facts regarding her medical needs. The Court does not construe this allegation as a deliberate indifference claim, but to the extent Derx attempts to state one, she describes insufficient facts to state such a claim. *See Bailey v. Feltmann*, 810 F.3d 589, 593–94 (8th Cir. 2016) (holding that to succeed with a medical indifference claim, a pre-trial detainee must demonstrate that he suffered from an objectively serious medical need and that defendants had actual knowledge of that need but deliberately disregarded it).

[2] *See also Daniels v. Ferguson*, 2008 WL 698485, *9 (W.D. Ark. March 13, 2008) ("To the extent Daniels contends his Due Process rights were violated because the disciplinary charges were fabricated or the events simply never occurred, courts have held that a prisoner enjoys no constitutional guarantee to be free from false charges that may lead to punishment.") (citing *Freeman v. Rideout*, 808 F.2d 949, 951 (2nd Cir. 1986) and *Glick v. Sargent*, 696 F.2d 413, 414 (8th Cir. 1983)).

action." *Phillips v. Norris,* 320 F.3d 844, 846 (8th Cir. 2003). Derx was not deprived of life or property; accordingly, she must identify the deprivation of a liberty interest sufficient to sustain a due process challenge to her prison disciplinary proceeding. *Id.* at 847; *Sandin v. Conner*, 515 U.S. 472, 484 (1995). A prisoner has no liberty interest in having certain procedures followed in the disciplinary process; rather, the liberty interest arises from the "nature of the prisoner's confinement." *Phillips*, 320 F.3d at 847. "In order to determine whether an inmate possesses a liberty interest, we compare the conditions to which the inmate was exposed in segregation with those he or she could 'expect to experience as an ordinary incident of prison life.'" *Phillips*, 320 F.3d at 847 (quoting *Beverati v. Smith*, 120 F.3d 500, 503 (4th Cir. 1997)).

Generally, an inmate has no liberty interest in avoiding segregated confinement, as long as the conditions do not amount to an "atypical and significant" hardship that would give rise to due process protection as set forth in *Sandin v. Conner*, 515 U.S. 472, 483-484 (1995). The Eighth Circuit Court of Appeals has "consistently held that administrative and disciplinary segregation are not atypical and significant hardships under *Sandin*." *Portly-El v. Brill*, 288 F.3d 1063, 1065 (8th Cir. 2002). An inmate making a due process challenge to confinement in segregation is required to "make a threshold showing that the deprivation of which she complains imposed an 'atypical and significant hardship.'" *Id.* (*quoting Sims v.*

*Artuz*, 230 F.3d 14, 22 (2d Cir. 2000)).

Derx's punishment consisted of assignment to punitive isolation for 30 days, loss of privileges for 60 days, and assignment to class 4. She does not describe any specific conditions she endured as a result of her disciplinary convictions or how any conditions to which she was exposed constituted an atypical and significant hardship. *See Smith v. McKinney*, 954 F.3d 1075, 1082 (8th Cir. 2020) (holding that there is no atypical and significant hardship when an inmate is demoted to segregation or deprived of commissary, phone, and visitation privileges); *Persechini v. Callaway*, 651 F.3d 802, 807 n.4 (8th Cir. 2011) (stating that inmates do not have a liberty interest in maintaining a particular classification level).

For these reasons, Derx fails to state a viable due process claim with respect to the disciplinary convictions described in her complaint.

**III. Conclusion**

For the reasons stated herein, it is recommended that:

1. Derx's complaint be dismissed without prejudice for failure to state a claim upon which relief may be granted;

2. Dismissal of this action count as a "strike" within the meaning of 28 U.S.C. § 1915(g); and

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the order adopting this recommendation would not be taken in

good faith.

It is so recommended this 18th day of November, 2026.

UNITED STATES MAGISTRATE JUDGE